IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOGAN COLIN DUNCAN (TDCJ No. 1933290), § § § | | |
| Plaintiff, § § | | |
| V. § | No. 3:15-cv-711-L-BN | |
| § | | |
| THE STATE OF TEXAS, ET AL. § § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On November 24, 2015, the Court accepted the Findings, Conclusions and Recommendation of the United States Magistrate Judge [Dkt. No. 12] – to which no objections were filed – recommending that the Court dismiss with prejudice Plaintiff Logan Colin Duncan's claims against all named defendants but allow Plaintiff to file an amended complaint that includes any claims he may have against an individual he identified as Major Breeden but did not name as a defendant. *See* Dkt. No. 13.

The same day, the Court entered judgment as to the named defendants, under Federal Rule of Civil Procedure 54(b), *see* Dkt. No. 14, and ordered that if Plaintiff wishes to pursue a claim or claims against Major Breeden, he shall file by December 31, 2015, an amended complaint that only includes his claims against Major Breeden, *see* Dkt. No. 13.

The Court also recommitted this matter to the undersigned United States magistrate judge for further screening as to any claim or claims Plaintiff chooses to

assert against Major Breeden. *See id.*

The undesigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this case for Plaintiff's failure to prosecute and obey orders of the Court.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Several" of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

(1) "the refusal to comply results from willfulness or bad faith and is

-2-

>accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F.2d at 1191 n.6 (citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

It is now more than two months past the deadline for Plaintiff to file an amended complaint, and Plaintiff has failed to do so or otherwise contact the Court. By failing to file an amended complaint or otherwise contact the Court, Plaintiff has prevented this action from proceeding, and he has therefore failed to prosecute his lawsuit and obey the Court's order. *See* Dkt. No. 13 at 2 ("*Failure to comply with this order may result in the dismissal this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or comply with a court order.*" (emphasis in original)). A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case

until such time as Plaintiff decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

This action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff files an amended complaint against Major Breeden, as previously ordered, the Court should refer this action back to the undersigned for further consideration.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 14, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE